# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY M. LAWRENCE (#135091)** | **CIVIL ACTION** |
| **VERSUS** | |
| **SID GEAUTREAUX, ET AL.** | **19-206-BAJ-RLB** |

## ORDER

This matter comes before the Court on the plaintiff's Motion for Appointment of Counsel (R. Doc. 28).

The pro se plaintiff, an person formerly incarcerated at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 complaining that his constitutional rights have been violated due to the use of excessive force.

The Court has the authority to "request" an attorney to represent the plaintiff under 28 U.S.C. § 1915(e)(1), and the extra-statutory authority to order an attorney to do so in rare circumstances. *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015). A civil rights complainant has no right to the automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court may appoint counsel "if doing so would advance the proper administration of justice," *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989), but appointment of counsel is not required "unless the case presents exceptional circumstances." *Ulmer*, 691 F.2d at 212. In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination. *Id*. at 213.

In the instant case, the Court finds that "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. The plaintiff's Complaint is neither factually nor legally complex, and no other factors in *Ulmer* are found to require the appointment of counsel. The plaintiff has set out the factual basis for his claim in his Complaint, and this pleading and others reflect that the plaintiff understands the proceedings and can address the issues presented. The plaintiff will be provided with the benefit of Court-ordered discovery and can use these materials to cross-examine the defendants and prepare for trial.

Additionally, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. *Pro se* plaintiffs are given great flexibility in the examination of witnesses, and the plaintiff has adequately presented his case thus far.

Further, to the extent that the plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every prisoner who prosecutes a *pro se* lawsuit. For this reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). This Court is liberal in reviewing the pleadings and motions filed by *pro se* inmates pursuant to § 1983, giving inmates ample opportunity to amend if necessary and granting extensions of time to comply with Court Orders.

Accordingly, in light of the Court's liberal construction of prisoner § 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with the plaintiff's apparent ability to litigate this action *pro se*, the Court finds that the appointment of counsel would be of marginal service to the Court in this case and would not significantly assist the plaintiff in the examination of the witnesses or in the sharpening of the issues for trial. Therefore, having considered the factors set forth in *Ulmer*, *supra*, the Court finds that the appointment of counsel is not required or warranted in this case. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Appointment of Counsel (R. Doc. 28) be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on March 5, 2020.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**