## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRY M. LAWRENCE (#135091)**                    **CIVIL ACTION**

**VERSUS**

**19-206-BAJ-RLB**

**SID GEAUTREAUX, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 26, 2020.

                                                                  **RICHARD L. BOURGEOIS, JR.**
                                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY M. LAWRENCE (#135091)**                                **CIVIL ACTION**

**VERSUS**

                                                                **19-206-BAJ-RLB**

**SID GEAUTREAUX, ET AL.**

## AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Sheriff Sid Gautreaux (R. Doc. 19). The motion is not opposed.

The *pro se* plaintiff, a person confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sheriff Sid Gautreaux, Warden Dennis Grimes, and Deputy Morgan complaining that his constitutional rights were violated due to the use of excessive force.

The moving defendant first seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against him in his official capacity. A suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Therefore, to determine whether the plaintiff has stated such a claim, the Court must conduct a municipal liability analysis under *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658 (1978). *See Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 501 (W.D. La. 2001) (citing *Turner v. Houma Mun. Fire and Police Civil Service Bd.,* 229 F.3d 478, 483 fn.10 (5th Cir. 2000)).

---

[1] The Eleventh Amendment immunity analysis in the Court's prior Report and Recommendation (R. Doc. 31) was issued in error. Accordingly, the Magistrate Judge recommends that the original Report and Recommendation and the Ruling and Order (R. Doc. 40) adopting it be vacated and that the Motion to Dismiss (R. Doc. 19) be granted for the reasons stated in this Amended Report and Recommendation.

To assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009). Municipal liability cannot be established by a theory of *respondeat superior. Monell,* 436 U.S. at 691. Instead, the plaintiff must point to some official policy or custom that caused their constitutional harm. *Id.* The Fifth Circuit Court of Appeals has unanimously defined an official policy for Section 1983 purposes as:

1.  A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2.  A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir.1984).

In the instant matter, the plaintiff's Complaint, as amended, is devoid of any such policy or practice allegations. Additionally, the plaintiff has not alleged that defendant Gautreaux is a policymaker with final policymaking authority. The plaintiff's allegations assert a theory of *respondeat superior* instead of pointing to an official policy or custom that caused the alleged constitutional violation. Accordingly, the plaintiff's Complaint fails to state a claim against defendant Gautreaux in his official capacity.

Turning to the plaintiff's individual capacity claims that are not subject to dismissal on the aforementioned grounds, the defendant next asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265,

286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges that on December 19, 2018 he was attacked by Deputy Morgan while being escorted to lockdown. Specifically, the plaintiff alleges that Deputy Morgan punched the plaintiff repeatedly in the face without reason.

In response to the plaintiff's allegations, defendant Gautreaux has asserted that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted. Specifically, the Court concludes that the plaintiff has failed to state a claim against defendant Gautreaux.

In order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the

constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has made no allegations of personal involvement on the part of defendant Gautreaux. Rather, the plaintiff asserts that defendant Gautreaux was deficient in his duty to operate and maintain the EBRPP as evidenced by the actions of Deputy Morgan. Any implied allegation that this defendant is responsible for the actions of his subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra*. The plaintiff has made no such allegations as to defendant Gautreaux. Accordingly, the plaintiff's claims against defendant Gautreaux should be dismissed.

## RECOMMENDATION

It is recommended that the original Magistrate Judge's Report and Recommendation (R. Doc. 31) and the Ruling and Order (R. Doc. 40) adopting it be vacated. It is further recommended that the defendant's Motion to Dismiss (R. Doc. 19) be granted, dismissing the plaintiff's claims asserted against defendant Gautreaux, with prejudice for the reasons stated herein, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on June 26, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**