## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRY M. LAWRENCE (#135091)**     **CIVIL ACTION**

**VERSUS**

**19-206-BAJ-RLB**

**SID GEAUTREAUX, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 22, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRY M. LAWRENCE (#135091)**                               **CIVIL ACTION**

**VERSUS**

**SID GEAUTREAUX, ET AL.**                                    **19-206-BAJ-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Before the Court is the Motion for Summary Judgment filed on behalf of remaining defendant Deputy Morgan (R. Doc. 72). The Motion is opposed. *See* R. Docs. 73 and 77.

    The *pro se* plaintiff, a person formerly confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sheriff Sid Gautreaux, Warden Dennis Grimes, and Deputy Morgan complaining that his constitutional rights were violated due to the use of excessive force.[1] He seeks monetary, declaratory, and injunctive relief.

    Defendant Morgan moves for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, and the affidavits of Lt. Barry Miles, Marcus Morgan, Deputy Gregory Ross, Jr., and Lt. Mark Williber. The plaintiff opposes the motion relying upon the pleadings.

    Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions

---

[1] The plaintiff's claims against defendants Gautreaux and Grimes have been previously dismissed. *See* R. Docs. 53 and 54.

of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his verified Complaint, the plaintiff alleges that on December 19, 2018 he was attacked by Deputy Morgan while being escorted to lockdown. Specifically, the plaintiff alleges that Deputy Morgan punched the plaintiff repeatedly in the face without reason.

In response to the plaintiff's allegations, defendant Morgan has asserted that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense

is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be denied. An issue of material fact requiring a credibility determination exist as to whether the use of force was excessive.

As a pretrial detainee, the plaintiff had a clearly established Fourteenth Amendment Due Process right to be free from excessive force. *See Kingsley v. Hendrickson,* 576 U.S. 389, 393-394 (2015) (recognizing pretrial detainee's constitutional right to be free from excessive force); *Valencia v. Wiggins*, 981 F.2d 1440, 1445 (5th Cir. 1993) (Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment).

In *Kingsley*, the Supreme Court held that, in cases brought by pretrial detainees, the appropriate excessive force standard is an objective one.  Specifically, the Supreme Court held that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id*.  The Supreme Court explained that "objective reasonableness turns on the 'facts and circumstances of each particular case.' " *Kingsley*, 76 U.S. at 397. Whether the force used against a detainee by government officers was reasonable must be

determined from the perspective of a reasonable officer facing the same circumstances and taking into consideration only what the officers knew at the time force was used. *Id.*

Factors courts consider when determining whether a use of force against a pretrial detainee was objectively reasonable include: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the detainee's injury; (3) any effort made to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the defendant; and (6) whether the detainee was actively resisting. *Id*. The list is not exclusive, but merely illustrative of the types of objective circumstances potentially relevant to a determination of excessive force. *Id*.

The summary judgment evidence submitted by the defendant shows that, on December 19, 2018, defendant Morgan was conducting searches on "new move" inmates when the plaintiff threatened another inmate. Defendant Morgan ordered the plaintiff to proceed to the Unit 1 interview room and the plaintiff initially complied. As the plaintiff was being escorted, he became aggressive. Defendant Morgan ordered the plaintiff to keep his hands down by his side. The plaintiff responded with profanity and stated he would not go anywhere with defendant Morgan.

The plaintiff then took an aggressive stance and approached defendant Morgan with a closed fist. Defendant Morgan ordered the plaintiff to put his hands behind his back and the plaintiff refused. Defendant Morgan and Deputy Ross then placed the plaintiff on the ground to gain control. A call for assistance was made via radio by Deputy Chatman. Sgt. Lee, Cpl. McGee, Cpl. Spain, and Deputy Anderson responded. Once on the ground the plaintiff complied with commands to place his hands behind his back. He was handcuffed and escorted to the medical department by Cpl. Spain. Medication was given, no serious injuries were noted, and the

plaintiff was cleared to be placed in lockdown. The plaintiff was issued a disciplinary report for defiance.

In opposition to the Motion for Summary Judgment, the plaintiff relies upon the pleadings, which includes his verified Complaint (R. Doc. 5). The verified Complaint is competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. The plaintiff's Complaint contains the required averral and meets the affidavit requirements.

Under penalty of perjury, the plaintiff asserts that defendant Morgan used excessive force against him, by "attacking and punching Plaintiff repeatedly in the face" without provocation or resistance, causing him pain which continued to at least the time of the filing of the Complaint. As such, the resolution of whether excessive force was used requires a credibility determination that the Court cannot make when evaluating a Motion for Summary Judgment. Considering the evidence in the light most favorable to the plaintiff, the Court cannot conclude that as a matter of law that defendant Morgan acted in an objectively reasonable manner which would entitle him to qualified immunity. *See Falcon v. Holly*, 480 F. App'x. 325 (5th Cir. 2012) (reversing grant of summary judgment where allegations in verified complaint and other verified pleadings constituted competent summary judgment evidence.)

**RECOMMENDATION**

It is recommended that the defendant's Motion for Summary Judgment (R. Doc. 72), be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on July 22, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**