UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY M. LAWRENCE, JR.                                CIVIL ACTION

VERSUS

SID GEAUTREAUX, ET AL.                                NO. 19-00206-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant Morgan's **Motion for Summary Judgment (Doc. 72).** The Motion is opposed. (Doc. 73; Doc. 77). Defendant filed a Reply. (Doc. 76). The Magistrate Judge has issued a **Report and Recommendation (Doc. 84),** recommending that the Court deny Defendant's Motion for Summary Judgment and refer this matter back to the Magistrate Judge for further proceedings. (*Id.* at p. 7). Plaintiff and Defendant object to the Report and Recommendation. (Doc. 86; Doc. 88). After carefully considering the parties' objections, the Court adopts the Magistrate Judge's Report and denies Defendant's Motion.

Defendant argues that the Court relied on improper summary judgment evidence by considering Plaintiff's untimely Sur-Reply, filed without leave of Court. (Doc. 88, p. 4). Defendant argues that the Court should disregard Plaintiff's Sur-Reply. (*Id.*).

A review of the Report indicates that Plaintiff's arguments in his Sur-Reply had no bearing on the outcome here. Rather, the Magistrate Judge found, based on Plaintiff's Complaint, that the Court could not conclude as a matter of law that

Defendant acted in an objectively reasonable manner that would entitle him to qualified immunity. (Doc. 84, p. 6). The Magistrate Judge did not rely on "improper summary judgment evidence" by considering Plaintiff's Complaint.[1] Accordingly, the Court agrees with the Magistrate Judge's finding that "the resolution of whether excessive force was used requires a credibility determination that the Court cannot make when evaluating a Motion for Summary Judgment." (*Id.*).

Plaintiff's Objection, which seeks to clarify that under the "Grievance File," the surveillance was "asked to be saved as evidence in this grievance matter in order to present to this Court," does not compel a different result. (Doc. 86).

Having carefully considered the underlying Complaint, the Motion at issue, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

---

[1] Defendant also argues that Plaintiff's self-serving allegations in his Complaint are insufficient to contradict Defendant's "plentiful contrary evidence," including two Affidavits. The United States Court of Appeals for the Fifth Circuit, however, has held that "[o]n summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit." *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (citing *Huckabay v. Moore*, 142 F.3d 233, 240 n. 6 (5th Cir. 1998); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); 28 U.S.C. § 1746). Indeed, the Fifth Circuit "has considered a prisoner's verified or sworn pleadings to be competent summary judgment evidence." *Higgins v. Morris*, 673 F. App'x 376, 378 (5th Cir. 2016) (citing *Falcon v. Holly*, 480 Fed.Appx. 325, 326 (5th Cir. 2012) (per curiam) ("[A] verified complaint and other verified pleadings serve as competent summary judgment evidence."); *King*, 31 F.3d at 346 (noting that a complaint verified as true and correct under penalty of perjury could constitute competent summary judgment evidence)). And while Plaintiff specifically referred to his Complaint in his Sur-Reply and did not cite his Complaint in his initial Reply, the Court is entitled to consider Plaintiff's Complaint, which has been in the record since the inception of this matter.

2

**IT IS ORDERED** that Defendant Morgan's **Motion for Summary Judgment (Doc. 72)** is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this 27th day of January, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**